**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SATYAM COMPUTER SERVICES, LTD.,

    Petitioner,

v.                                           Case No. 07-CV-12654-DT

VENTURE GLOBAL ENGINEERING, LLC,

    Respondent.
                                            /

**OPINION AND ORDER DENYING VGE'S "MOTION TO DISMISS SATYAM'S CONTEMPT MOTION" AND "MOTION FOR ADJOURNMENT PENDING DISCOVERY" AND REFERRING TO THE SPECIAL MASTER VGE'S "MOTION BEFORE SPECIAL MASTER RE COMPLIANCE WITH RULES OF PROCEDURE AND EVIDENCE" AND "MEMORANDUM ON DETERMINATION OF INDIAN LAW AND INADMISSIBILITY OF 'EXPERT OPINIONS'"**

Respondent Venture Global Engineering, LLC ("VGE") has filed on the court's docket the following four documents: (1) "Venture Global Engineering's Motion to Dismiss Satyam's Contempt Motion;" (2) "Venture Global Engineering's Motion for Adjournment Pending Discovery;" (3) "VGE's Motion Before Special Master Re Compliance With Rules of Procedure and Evidence;" and (4) "VGE's Memorandum on Determination of Indian Law and Inadmissibility of 'Expert Opinions.'" For the reasons stated below, the court will deny VGE's motion to dismiss and motion for adjournment and will refer to the special master VGE's procedural motion and memorandum.

**I. MOTION TO DISMISS AND MOTION FOR ADJOURNMENT**

In VGE's motion to dismiss, VGE contends that on July 14, 2007, Satyam Computer Services, Ltd. ("Satyam") produced a May 28, 2007 letter from Citibank, Satyam's authorized agent, stating that unless Citibank was re-assured by Indian

authorities that the transfer was legally permissible, it would not remit the funds needed to fulfill Satyam's obligations under the court's orders requiring VGE to transfer the SVES shares to Satyam in exchange for $622,656. (Resp't's Mot. Dismiss at 1-2; 5/28/07 Citibank Letter, Resp't's Mot. Dismiss Ex. 1; 7/13/06 Order; 9/5/06 Order.) VGE then claims that, because Citibank never received such assurances, this letter evidences Satyam's inability to perform its portion of the obligation and renders moot the issue of VGE's non-compliance. (Resp't's Mot. Dismiss at 4; 7/4/07 RBI Letter, Resp't's Mot. Dismiss Ex. 2.)

The court rejects this argument. Even assuming everything VGE claims is true,[1] Satyam's inability to perform its obligations under the court's order does not excuse VGE's non-compliance.[2] Furthermore, because VGE has only been made aware of Satyam's alleged inability to perform *this week*, the court is at a loss to understand how this late-breaking development excuses VGE's non-compliance during the preceding *ten months*. Accordingly, VGE has failed to demonstrate that Citibank's letter renders moot Satyam's motion for civil contempt and the court will deny VGE's motion to dismiss.

Because VGE's motion for adjournment pending discovery is based entirely on VGE's desire to conduct discovery on Satyam's alleged inability to comply with the court's order, the court finds that this proposed discovery is irrelevant to the issue of VGE's non-compliance for the reasons stated above. Accordingly, VGE's motion for adjournment will also be denied.

---

[1] The court expresses no opinion on the accuracy of VGE's claims.

[2] If VGE complied with the court's order by transferring its ownership in the SVES shares to Satyam, and Satyam did not then remit payment to VGE, VGE's remedy would be to file its own motion for contempt against Satyam.

## II. PROCEDURAL AND EVIDENTIARY ISSUES

The court notes that VGE has also filed on the docket two documents regarding procedural and evidentiary issues. Although VGE's "Motion Before Special Master Re Compliance With Rules of Procedure and Evidence" appears to be properly directed to the special master, VGE's "Memorandum on Determination of Indian Law and Inadmissibility of 'Expert Opinions,'" which may or may not be a motion, appears to be directed to the court, and not the special master. Pursuant to the court's June 21, 2007 order delegating to the special master authority to "schedule and conduct a hearing on the motion, receive testimony and make rulings on issues whose resolution is reasonably necessary in furtherance of the hearing, including, but not limited to, evidentiary issues and compelling the production of documents or attendance," (6/21/07 Order at 12), these issues remain within the ambit of the special master's responsibility. Accordingly, the court will not address the merits of these motions.[3]

## III. CONCLUSION

IT IS ORDERED that "Venture Global Engineering's Motion to Dismiss Satyam's Contempt Motion" [Dkt. # 81] and "Venture Global Engineering's Motion for Adjournment Pending Discovery" [Dkt. #82] are DENIED.

IT IS FURTHER ORDERED that "VGE's Motion Before Special Master Re Compliance With Rules of Procedure and Evidence" [Dkt. #83] and "VGE's

---

[3] Nonetheless, per VGE's concerns regarding Federal Rule of Civil Procedure 53(e), the court clerk has filed on the docket previous procedural rulings that the special master made and sent to the parties via email.

Memorandum on Determination of Indian Law and Inadmissibility of 'Expert Opinions'"

[Dkt. #84] are REFERRED to the special master.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: July 18, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 18, 2007, by electronic and/or ordinary mail.

                                            s/Lisa G. Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522