**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SATYAM COMPUTER SERVICES, LTD.,

      Petitioner,

v.                                                   Case No. 07-CV-12654-DT

VENTURE GLOBAL ENGINEERING, LLC,

      Respondent.

                                               /

**OPINION AND ORDER DENYING VGE'S "MOTION TO VACATE JUDGMENT . . ."
AND "MOTION FOR EXPEDITED HEARING . . ."**

Literally on the eve of today's hearing before the special master, and after the court denied its motions to dismiss and for adjournment, Respondent Venture Global Engineering, LLC ("VGE") filed on the court's docket a "Motion to Vacate Judgement and Order Appointing Special Master and to Deny Satyam's Motion for Contempt . . ." and a "Motion for Expedited Hearing on Venture Global's Motion to Vacate Judgment and Order Appointing Special Master and Motion to Deny Contempt Motion."  For the reasons stated below, no response will be ordered and VGE's motions will be denied.

**I. MOTION TO EXPEDITE HEARING**

VGE requests an expedited hearing on its motion to vacate, filed after the end of business on July 18, 2007, because of its potential to render moot the hearing scheduled for the morning of July 19, 2007.  The court is not persuaded that VGE's motion resting upon the same Citibank letter that was the subject of its previously rejected motion to dismiss, should delay the hearing before the special master.  Accordingly, VGE's motion to expedite hearing on its motion to vacate will be denied.

## II. MOTION TO VACATE

Under Federal Rule of Civil Procedure 60(b)(2), a court "may relieve a party . . . from a final judgment, order, or proceeding for . . . newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." In VGE's motion to vacate, VGE relies on a May 28, 2007 letter from Citibank, Satyam Computer Services, Ltd.'s ("Satyam's") authorized agent, stating that unless Citibank was re-assured by Indian authorities that the transfer was legally permissible, it would not remit the funds needed to fulfill Satyam's obligations under the court's orders requiring VGE to transfer the SVES shares to Satyam in exchange for $622,656. (5/28/07 Citibank Letter, Resp't's Mot. Vacate Ex. 5.) VGE claims that because Citibank never received such assurances, this letter constitutes

> clear and convincing evidence that, contrary to the implicit finding of the Court as reflected in its July 13 Order, (1) the RBI had not approved the transfer and (2) it was not legal under Indian law for VGE to transfer the SVES shares or for Satyam to pay for and accept them.

(Resp't's Mot. Vacate at 6.)

The court disagrees. First, despite VGE's arguments to the contrary, these new letters do not negate the fact that both Citibank and the RBI had approved the transfer as of May 2006. (5/2/2006 Citibank Letter, 5/22/06 RBI Letter, 5/22/06 Citibank Letter, Pet'r's 6/1/06 Mot. File Supp. Ex. A.) In affirming this finding, the Sixth Circuit Court of Appeals stated that, "[b]ecause [Satyam] submitted uncontroverted evidence that the RBI had provided its consent, the record indicated that Indian law would not be violated by enforcement of the Award." (5/25/07 Sixth Cir. Order at 10.) Accordingly, the court did not err in determining that the RBI approved the transfer and that the transfer was

legal under Indian law. (7/13/06 Order; 8/1/06 Judgment.) At most, the present letters demonstrate that, due to VGE's efforts to appeal adverse decisions and obtain stays of the transfer in India, the RBI and Citibank, in an abundance of caution, *now* wish to await the resolution of Indian court proceedings. None of this changes the fact that, at the time of the court's July 13, 2006 order and August 1, 2006 judgment, the transfer was approved by both RBI and Citibank.

Second, to whatever extent Citibank harbors a concern, it appears limited to the fact that VGE has obtained a stay through the Indian courts. (5/28/07 Citibank Letter, Resp't's Mot. Vacate Ex. 5.) The court has previously cautioned VGE that it may not attempt to use the stays that VGE itself sought in India to claim that VGE is now unable to comply with the court's order. (*See* 9/5/06 Order at 8 ("The court is not convinced that VGE can use its self-imposed problem, by itself, to adequately show a serious legal question of comity.")). And, as the court stated in its July 18, 2007 order denying VGE's motion to dismiss, even if Satyam cannot now comply with the court's order due to VGE's actions (or here, even if Citibank and the RBI, based on VGE's actions, have taken a step back from their approval), that fact would not excuse VGE's past non-performance, and it is similarly not a basis to vacate the court's past order requiring VGE's compliance. To say otherwise would be to approve VGE lifting itself by its own bootstraps.

### III. CONCLUSION

IT IS ORDERED that VGE's "Motion for Expedited Hearing on Venture Global's Motion to Vacate Judgment and Order Appointing Special Master and Motion to Deny Contempt Motion" [Dkt. # 92] and "Venture Global's Motion to Vacate Judgment and

Order Appointing Special Master and to Deny Satyam's Motion for Contempt and Memorandum is Support Thereof" [Dkt. # 93] are DENIED.

                                                          s/Robert H. Cleland
                                                          ROBERT H. CLELAND
                                                          UNITED STATES DISTRICT JUDGE

Dated: July 19, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 19, 2007, by electronic and/or ordinary mail.

                                                          s/Lisa G. Wagner
                                                         Case Manager and Deputy Clerk
                                                         (313) 234-5522